IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANA S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:17-cv-3672-TWT-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Diana S., proceeding *pro se*, seeks judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits. After careful consideration of the record and the briefs of the parties, it is **RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED**.

---

[1] Pursuant to this Court's local practice, the Court identifies Plaintiff using only her first name and last initial.

**I.     BACKGROUND**

Plaintiff was born on August 29, 1954, and was 42 years old at the time of her alleged disability onset, September 1, 1996.  (Tr. 179, 213.)  Plaintiff has a master's degree in education and past relevant work experience as an administrative assistant, teacher, and teacher's assistant. (Tr. 44, 202-03, 225.) She last attempted to work in 2007 or 2010.[2]  (Tr. 44-45, 217-18.)

In 2013, Plaintiff applied for a period of disability and disability insurance benefits, alleging disability due to chronic fatigue, anxiety, depression, and shortness of breath.  (Tr. 179-84, 217.)  Her application was denied initially and on reconsideration. (Tr. 90-99.)  Upon her request, an administrative hearing was held before an administrative law judge ("ALJ") on October 28, 2015.  (Tr. 65-71.) Plaintiff appeared at the hearing *pro se*, and the ALJ continued the hearing so that Plaintiff could obtain representation.   (Tr. 69-70.)   On June 1, 2016, the administrative hearing was reconvened, and Plaintiff again appeared without a representative.  (Tr. 35-64.)  Plaintiff testified that she had attempted, without

---

[2] Plaintiff testified that she last attempted to work as a kindergarten teacher in 2007 (Tr. 45) and lists teacher's assistant in 2007 as her last job in the "Job History" section of her disability report (Tr. 218); however, she also stated in that same disability report that she stopped working in May 2010 (Tr. 217).

success, to retain a representative. (Tr. 39.) The ALJ then proceeded with the hearing.

On September 14, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 9-23.) At step one of the five-step sequential analysis,[3] the ALJ concluded that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2002, and that she had not engaged in substantial gainful activity from her alleged onset date of September 1, 1996 through her date last insured of December 31, 2002. (Tr. 14.) Next, at step two, the ALJ found, based on Plaintiff's testimony at the administrative hearing, that she had severe

---

[3] A determination of disability under the Social Security Act requires a five-step sequential analysis. 20 C.F.R. § 404.1520(a). The five steps of the analysis are: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *see also* 20 C.F.R. § 404.1520(a). The claimant has the burden of proof on the first four steps. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At the fifth step, the burden shifts to the Commissioner to demonstrate that there are jobs within the economy that the claimant can perform. *Id.* If the Commissioner makes that showing, then the burden shifts back to the claimant to prove that he or she is unable to perform those jobs. *Id.*

impairments of hypertension, chronic low back pain, and sleep issues through the date last insured. (*Id.*) At step three, the ALJ concluded that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.)

The ALJ then determined that through the date last insured, when Plaintiff was 48 years old, she had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except [she] can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs and stoop, kneel, crouch, crawl, and balance. She is limited to work that does not require constant rotation of the neck. She must avoid concentrated exposure to extreme vibration, unprotected heights, and hazardous machinery. [She] would be limited to simple, routine repetitive tasks. She would be absent one day per month and up to 10 percent off task.

(Tr. 15.) At step four, relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform her past relevant work as an administrative assistant, assistant teacher, or teacher through the date last insured. (Tr. 16.) Then, at step five, the ALJ, considering Plaintiff's age, education, work experience, and RFC, found that through the date last insured, there were jobs that existed in significant numbers in the national economy—such as bill sorter, mailer, and lot attendant—that Plaintiff could have performed. (Tr. 17.) Accordingly, the

ALJ concluded that Plaintiff was not under a disability at any time from September 1, 1996 through December 31, 2002, and denied her claim. (Tr. 18.)

Plaintiff sought review with the Appeals Counsel. (Tr. 178.) On July 27, 2017, the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff then filed the present action.

## II.  STANDARD OF REVIEW

In reviewing the Commissioner's decision, this Court must give deference to the ALJ's findings of fact, and may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015), *cert. denied* 136 S. Ct. 2487 (2016); *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam). This Court's only role is to determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. 42 U.S.C. § 405(g); *Winschel*, 631 F.3d at 1178; *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (quotation omitted). It may be present even if a preponderance

of the evidence weighs in favor of the claimant. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Hunter*, 808 F.3d at 822 ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings.").

In contrast to the ALJ's findings of fact, no presumption of validity attaches to the ALJ's application of the law. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). If the Court finds that the ALJ erred in the application of the law, failed to clearly state the weight accorded to certain evidence, or failed to provide sufficient basis for determining that the proper legal analysis was conducted, the decision must be reversed. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. ANALYSIS

Leniently construing Plaintiff's arguments, the Court broadly frames the issue on appeal as whether the ALJ's unfavorable decision was supported by substantial evidence. *See Washington v. Astrue*, 558 F. Supp. 2d 1287, 1298 (N.D. Ga. 2008). Plaintiff specifically argues in her two-page brief that she does not believe that the ALJ could have made a determination based on the evidence of record because some of the evidence, including records from 1993, were of such poor quality that they were unreadable. [Doc. 10 at 2.] She also contends that it

was "confusing" for the ALJ to state that there was nothing in the record from before 2002, despite the fact that the ALJ acknowledged records from 1993 were illegible. [*Id.*] She further contends that, although not in the record, the ALJ promised to have someone help her attempt to get a better copy of the illegible records and do "something in there to help [her] case." [*Id.*] Finally, she argues that she "see[s] no evidence" that the ALJ took her testimony into consideration. [*Id*.]

This Court has closely reviewed the administrative record in this case, and, with a deferential eye to Plaintiff's *pro se* status, has independently assessed the findings of the ALJ. The Court concludes that the ALJ's decision was supported by substantial evidence, and that the ALJ explained her conclusions thoroughly and applied the correct law at each step of the five-step analytical process.

To start, substantial evidence supports the ALJ's conclusion that Plaintiff's disability insured status expired on December 31, 2002. (*See* Tr. 185 (insured status report reflecting date last insured based upon accompanying income data).) "A claimant is eligible for disability insurance benefits where [s]he demonstrates disability on or before the last date on which [s]he was insured." *Miller v. Comm'r of Soc. Sec. Admin.*, 280 F. App'x 870, 871 (11th Cir. 2008) (citing *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) and 42 U.S.C. § 423(a)(1)(A)). Therefore, Plaintiff had the burden of demonstrating that prior to the end of 2002, she was in fact disabled—*i.e.*, that she was unable to engage in any substantial gainful activity due to medically determinable physical or mental impairments that could be expected to result in death or which had lasted for a continuous period of at least twelve continuous months. *See* 42 U.S.C. § 1382c(a)(3)(A) (defining legal definition of disability); 20 C.F.R. § 404.1505(a) (same). Since Plaintiff alleged an onset date of September 1, 1996, the relevant period was from September 1, 1996 through December 31, 2002.

The ALJ's findings at steps two and three are also supported by substantial evidence. As the ALJ noted, there was no usable medical evidence in the record from 1996 to 2002. Although Plaintiff submitted hospital records dated March 1993, those records were of such poor quality that they were unreadable. (*See* Tr. 328-34.) The remainder of the medical records that Plaintiff or her medical providers provided to Social Security Administration post-date her last date insured by many years. (*See* Tr. 335-582 (medical records from 2005 through 2013).) Plaintiff affirmatively acknowledged at the hearing before the ALJ that her treatment during that time period was sporadic and dispersed between a variety of

medical providers; and that between that and the passing of time, it is unclear what records still exist for that time period. (Tr. 40-41, 52-53.) As noted above, it is the Plaintiff's burden to demonstrate her impairments at these steps of the analysis, and where an ALJ has attempted to develop the record by requesting a claimant provide records for years in question, but the claimant fails to do so, no reversible error exists. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Indeed, where it is demonstrated that no further medical evidence exists for a relevant time period, the duty to further develop the record must logically end.

Substantial evidence likewise supports the RFC assessment. The ALJ summarized Plaintiff's hearing testimony and noted the absence of medical records from the relevant time period. (Tr. 15-16.) The ALJ also observed that there was no treating or examining physician opinion in the record for the relevant period and that the state agency reviewing physicians both concluded that Plaintiff was not disabled due to the lack of medical evidence supporting limitations prior to her date last insured. (Tr. 16.) The ALJ stated that she gave great weight to the reviewing physicians' opinions because there was no evidence prior to the date last insured to support disability.


Finally, with respect to steps four and five of the sequential evaluation, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports her findings. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (VE testimony in response to hypothetical questions about a person with the claimant's impairments constitutes substantial evidence). Accordingly, the decision denying Plaintiff's application for benefits should be affirmed.

Turning to Plaintiff's more specific complaints, she first faults the ALJ for making a disability determination despite not being able to read the hospital records from 1993. She next contends that the ALJ promised her off the record that she would attempt to obtain clearer copies of the records. These arguments for remand are not persuasive.

A claimant bears the burden of proving that she is disabled by identifying medical and other evidence that shows she is disabled. 20 C.F.R. § 404.1512(a). Even so, the ALJ is required to develop a claimant's complete medical history for at least the twelve months preceding the month in which the application was filed, and to make every reasonable effort to help a claimant get medical reports from the claimant's own medical sources when permission is given. *See* 20 C.F.R. § 404.1512(d). Because a hearing before an ALJ is not an adversary proceeding, the

ALJ has a basic obligation to develop a full and fair record, including the claimant's medical history. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). A claimant also has a right to be represented by counsel at a hearing before an ALJ; however, the claimant may waive that right. *Graham*, 129 F.3d at 1422. Where the claimant does not waive her right to representation, the ALJ has a "special duty" to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (citing *Cowart*, 662 F.2d at 735 (citations omitted)); *Zaldivar v. Apfel*, 81 F. Supp.2d 1353, 1364 (N.D. Ga. 2000) (no "special duty" where claimant forewent counsel in order to avoid paying attorney fees). But regardless of whether the claimant has waived her right to representation, there must be a showing of unfairness or prejudice before the Court will find that the claimant's right to due process has been violated to such a degree that the case must be remanded for further development of the record. *Id.* at 1423; *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. 2010) (citation omitted).

11

In this case, even if the ALJ had a "special duty"[4] to develop a full and fair record in light of Plaintiff's unrepresented status, the ALJ did not err in failing to obtain legible copies of Plaintiff's hospital records from 1993. Plaintiff has not explained what those records would have shown or how they would have any bearing on her claim. Those records predate her alleged onset date by over three years, and therefore fall well outside the period relevant to her claim. Further, as the Commissioner points out in her response brief, in 1993, Plaintiff performed substantial gainful activity, and therefore, was not disabled at that time. [*See* Doc. 11 at 6 (citing (Tr. 186).] Accordingly, Plaintiff has not shown how the ALJ's failure to obtain legible copies of the 1993 hospital records resulted in an unfair proceeding or clear prejudice.

Nor, as discussed above, did the ALJ err in failing to develop the record in a more general sense by requesting additional information from other medical providers. At the administrative hearing, the ALJ explicitly told Plaintiff several times that there was no medical evidence in the record from before December 31, 2002, except for the illegible hospital notes from 1993. (Tr. 40-43, 52.) The ALJ

---

[4] Plaintiff appears to have waived her right to counsel. (*See* Tr. 38-40 (ALJ offering Plaintiff the opportunity to have yet another hearing if she wished to obtain counsel, which Plaintiff did not do).

repeatedly advised Plaintiff that the Social Security Administration would help her obtain additional evidence, but to do so, Plaintiff would need to identify who her medical providers were. (Tr. 42, 52, 61-62.) The ALJ also asked Plaintiff to identify who her medical providers were during the relevant time period, but she was unable to do so. (Tr. 40-41, 52.) The transcript of the hearing indicates that the ALJ even requested assistance from a staff member to help Plaintiff go through the records that Plaintiff had obtained to identify any evidence relating to the period between 1996 and 2002. (Tr. 62-63.) Then, at the conclusion of the hearing, the ALJ left the record open so that Plaintiff could submit additional records or provide information so that records could be obtained. (Tr. 63.) Plaintiff did not submit any additional information about her treatment between 1996 and 2002, however. (*See* Tr. 15.)

On this record, the Court finds no error. Plaintiff was repeatedly warned that she needed to provide medical records pertaining to the relevant time period, or at a minimum identify whom the ALJ should contact to obtain records. Plaintiff did not comply with that request. Under these circumstances, the ALJ cannot be faulted for not obtaining additional evidence. *See* 20 C.F.R. §§ 404.1516 ("If you do not give us the medical and other evidence that we need and request, we will

have to make a decision based on information available in your case."), 416.916 (same); *see also Ellison*, 355 F.3d at 1276.

Finally, Plaintiff argues that the ALJ erred by not considering her hearing testimony. [Doc. 10 at 2.] To the contrary, the decision makes clear that the ALJ in fact did consider her testimony. The ALJ wrote that her findings at step two, regarding Plaintiff's severe impairments, were based directly on Plaintiff's testimony. (Tr. 14.) Then, in connection with her assessment of Plaintiff's RFC, the ALJ summarized Plaintiff's hearing testimony as follows:

> At the hearing, the claimant testified that she was unable to remember her treatment or physicians prior to the date last insured; however, she testified to seeing doctors regularly during that time. She testified to losing her insurance recently and not looking into low cost/free medical care. The claimant testified that she does not drive anymore due to lower back pain. She also testified to having a pulsating in her ear that makes her dizzy and scared to drive. She said that the dizziness occurs when she turns her head. She also testified to insomnia and not getting more than four hours of sleep a night. The claimant also alleged to having headaches every day and arthritis in her elbow. She also testified to elevated blood pressure. The claimant testified that she stays in bed all day.

(Tr. 15.) Based upon this summary, the Court is not persuaded that the ALJ failed to consider her hearing testimony in reaching her decision. Accordingly, Plaintiff's specific complaints do not warrant remand.

14

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

IT IS SO RECOMMENDED this 13th day of August, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge